**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50256 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02375-LAB-1 |
| v. | |
| MAURICIO LARA-BONILLA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 12, 2019
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

Mauricio Lara-Bonilla appeals his jury convictions for illegal entry and

reentry, in violation of 8 U.S.C. §§ 1325 and 1326. Lara-Bonilla asserts that the

district court improperly denied his challenge under *Batson v. Kentucky*, 476 U.S.

79 (1986), in response to the prosecution's peremptory strike of potential juror J.F.,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the only Latino male on the panel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly applied the third step of the *Batson* framework, where the court "must determine whether the prosecutor's stated [race-neutral] reasons [for its peremptory strikes] were the actual reasons or instead were a pretext for discrimination." *Flowers v. Mississippi*, 139 S. Ct. 2228, 2241 (2019). "This analysis 'turns largely on the court's evaluation of the prosecutor's credibility,'" and the court "must evaluate the record and consider each explanation within the context of the trial as a whole." *Murray v. Schriro*, 745 F.3d 984, 1003–04 (9th Cir. 2014). Here, the prosecutor explained in the original *Batson* hearing that she struck juror J.F. because (1) he was an engineer, and (2) his partner was an immigrant who had recently naturalized. At the second *Batson* hearing, the prosecutor added that she struck J.F. because (3) he had no prior jury experience.

The district court properly considered each of the prosecution's proffered reasons, including the prosecution's immigrant-partner explanation. Contrary to Lara-Bonilla's arguments, the record demonstrates that the court considered "the fact that [J.F.] had a partner who was a citizen who had gone through the legal immigration process." Record evidence also vitiates Lara-Bonilla's argument that the district court "dismissed . . . altogether" defense counsel's point that the

2

prosecution failed to object to the court's for-cause dismissal of another Latino juror, V.D. The district court considered Lara-Bonilla's argument concerning V.D., whom Lara-Bonilla also agreed to strike, and it did not clearly err in determining that the prosecution's failure to object evidenced no discrimination against J.F.

Furthermore, it was not improper for the district court to consider the number of peremptory strikes the prosecution had available as part of the court's analysis of the prosecution's engineer explanation because the court is required to engage in a "sensitive inquiry into such circumstantial . . . evidence of intent as may be available." *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015).

We reject Lara-Bonilla's argument that the district court improperly accepted and credited the prosecution's lack-of-jury-experience explanation, which it offered at the second *Batson* hearing. Lara-Bonilla conceded that the court could consider this explanation, and our precedent permits the district court to credit the prosecution's post-hoc explanation. *See Crittenden v. Ayers*, 624 F.3d 943, 958 (9th Cir. 2010). Nor was it clear error for the district court to accept the lack-of-jury-experience explanation as sincere. Unlike in *Miller-El v. Dretke*, 545 U.S. 231, 245–46 (2005), the prosecution did not offer this new reason to replace previously proffered explanations. Instead, it offered the reason as part of its

response to the court's question as to why the prosecution did not strike all engineers.

**AFFIRMED.**